IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GREGORY C. FREEMAN and<br>CHRISTINA FREEMAN,<br><br>*Plaintiffs,*<br><br>v.<br><br>FREEDOM MORTGAGE<br>CORPORATION,<br><br>*Defendant.* | § CIVIL ACTION NO. 2:20-CV-00020-JRG<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**FREEDOM MORTGAGE CORPORATION'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Freedom Mortgage Corporation ("Freedom") hereby replies to Plaintiffs' Response to its Motion to Dismiss ("Motion") Plaintiffs' First Amended Complaint ("Complaint")" pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and would respectfully show the Court as follows:

**A.  Plaintiffs' Claim for Breach of Contract Fails to State a Claim Upon Which Relief Can be Granted.**

Plaintiffs' claim for breach of contract fails because they: (a) fail to allege any specific breach of the promissory note, deed of trust, loan modification agreement, or February, 2018 agreement; (b) fail to allege that they performed under the alleged contracts at issue; specifically that they tendered all the payments required by the alleged contracts; (c) fail to allege that they have suffered any specific damages as a result of the alleged breach by Freedom; and (d) with regard to Cristina Freeman ("Mrs. Freeman"), Plaintiffs do not allege that Christina Freeman is a party to any of the alleged contracts or agreements between Mr. Freeman and Freedom. Therefore, each of Mrs. Freeman's claims fail as a matter of law and must be dismissed, with prejudice.

In response to the Motion, Plaintiffs contend that they have stated a claim for breach of contract because they allege that Freedom "lost payments made by Plaintiffs, consistently placed Plaintiffs' mortgage in default improperly, denied Plaintiffs loss mitigation assistance, wrongfully initiated foreclosure proceedings, caused Plaintiffs' homeowners insurance to be canceled unnecessarily, improperly filed to evict Plaintiffs, improperly applied mortgage payments, and erroneously increased Plaintiffs['] escrow account without proper cause." Plaintiffs further contend that they "have suffered not less than $210,000."

Notwithstanding Plaintiffs' contentions, they have failed to identify any specific contractual provision of any contract between Plaintiffs and Freedom that was breached. Plaintiffs do not allege which payments were "lost," when their mortgage was "placed" in "default improperly," when their "homeowners insurance" was "canceled unnecessarily," when and how Freedom "improperly applied mortgage payments," and when Freedom "erroneously increased Plaintiffs' escrow account without proper cause." Moreover, Plaintiffs fail to identify any contract between Mrs. Freeman and Freedom. Therefore, and as explained in the Motion, their claim for breach of contract fails to state a claim upon which relief can be granted against Freedom and must be dismissed.

### B. **Plaintiffs' Claim for Negligence Fails to State a Claim Upon Which Relief Can be Granted.**

Plaintiffs' claim for negligence fails because they: (a) fail to allege that Freedom owed Plaintiffs any specific duty, and, in the mortgage context, there is no special relationship between a mortgagor and a mortgagee ("In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty…" *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013); *see also Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (negligence and gross negligence claims failed because "under Texas law, there is 'no special relationship between a mortgagor and mortgagee' that would give rise to a stand-alone duty"); (b) fail to allege how Freedom breached any alleged duty to them; (c) fail to allege any specific damages as a result of the alleged breach; (d) their claim is barred by the economic-loss doctrine;

and (e) their claim is time-barred to the extent that the claim is premised on any acts or omissions that allegedly occurred prior to January 15, 2018.

Plaintiffs fail to, and in fact cannot, identify any duty owed to them by Freedom. Moreover, even if there was such a duty, Plaintiffs fail to identify any alleged breach that occurred after January 15, 2018. Rather, Plaintiffs merely contend that Freedom's "consistent, negligent conduct over a period of years" caused them "significant damages, including foreclosure on their home." Such non-specific and conclusory allegations fail to state any claim upon which relief can be granted against Freedom, and, as explained in the Motion, their claim for negligence should be dismissed, with prejudice.

### C.      Plaintiffs' Claim for Wrongful Foreclosure Fails to State a Claim Upon Which Relief Can be Granted.

Plaintiffs' claim for wrongful foreclosure fails because they: (a) fail to allege any specific defect in the foreclosure sale proceeds; (b) fail to allege the selling price or explain how it was grossly unfair; (c) fail to allege any causal link between any specific defect and the selling price; and (d) to the extent that the claim is premised on a foreclosure that allegedly occurred prior to January 15, 2018, it is time-barred.

Plaintiffs contend that the subject property was not sold for "fair market value." However, they fail to explain how the sale price was grossly unfair and also fail to allege any specific defect in the foreclosure proceedings. Rather, they allege that they entered into a "Settlement Agreement" that "allowed [them" to participate in a loss mitigation program in lieu of foreclosure, as such foreclosure was improper." However, they fail to identify any provision of the alleged "Settlement Agreement" that forbade Freedom from ever proceeding with foreclosure of the subject property. Therefore, and as explained in the Motion, their claim for wrongful foreclosure should be dismissed, with prejudice.

### D.      Plaintiffs' Claim for Fraudulent Inducement Fails to State a Claim Upon Which Relief Can be Granted.

Plaintiffs' claim for fraudulent inducement fails because they: (a) fail to allege that Freedom made a material representation regarding an existing fact and further fail to allege that

such representation regarding an existing fact was false; (b) fail to allege that Freedom made a misrepresentation with the intent that it be acted upon justifiable reliance; (c) fail to allege any specific injury suffered as a result of the alleged reliance; and (d) fail to allege that any alleged injury that they suffered was proximately caused by the alleged misrepresentation.

Plaintiffs contend that the conclusory allegations in their Complaint are sufficient to state a claim for fraudulent inducement.  However, allegations of fraud must be plead with particularity.  At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006); *Autoficio, LLC v. Cimble Corp.*, No. 4:17-CV-00404-KPJ, 2018 WL 6330415, at *4 (E.D. Tex. Dec. 4, 2018).  See also *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F.Supp.2d 811, 815 (S.D. Tex. 2011) (concluding that Rule 9(b) applies "to all averments of fraud , whether they are part of a claim of fraud or ... statutory claims based on allegations of fraud."). *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 586 (E.D. Tex. 2017). Plaintiffs do not identify the 'who, what, when, where, and how' of the alleged fraud.  Therefore, and as explained in the Motion, their claim for fraudulent inducement should be dismissed, with prejudice.

### E. Plaintiffs' Claim for Promissory Estoppel Fails to State a Claim Upon Which Relief Can be Granted.

Plaintiffs' claim for promissory estoppel, the alleged basis of which is entirely conclusory in nature, fails because they: (a) fail to allege that Freedom should have foreseen that Plaintiffs would rely on the alleged promise; (b) fail to allege any specific detrimental reliance on Plaintiffs' part; and (c) fail to show that they materially changed their position in reliance on the alleged promise.

Similar to their other claims, Plaintiffs' claim for promissory estoppel is conclusory in nature. Plaintiffs allege that Freedom "misrepresented [its[ intention to assist Plaintiffs efforts to recover money for damage done to their home when their homeowners insurance was cancelled," that "Plaintiffs' reliance on these promises was foreseeable by [Freedom]," and that "relied upon

the promises…by entering into the February 2018 Agreement and LMA, to the detriment of Plaintiffs." Plaintiffs do not specifically allege how Freedom should have foreseen reliance, fail to allege any specific detrimental reliance, and fail to *show* how they materially changed their position in reliance on the alleged promise. Therefore, and as explained in the Motion, their claim for promissory estoppel should be dismissed, with prejudice.

### F. **Plaintiffs are Not Entitled to a Declaratory Judgment Reversing the Foreclosure Sale Because They Have Not Tendered the Amount Due Under the Loan.**

Plaintiffs' suit to quiet title fails as a matter of law. In a suit to quiet title action, a plaintiff must show: "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Krishnan v. JP Morgan Chase Bank, N.A.*, No. 4:15-CV-00632-RC-KPJ, 2017 WL 6003105, at *4 (E.D. Tex. Oct. 11, 2017) (Priest-Johnson, J.) (citing *Wagner v. CitiMortgage, Inc.*, 955 F. Supp. 2d 621, 626 (N.D. Tex. 2014) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied)). A plaintiff is required to base his or her claim solely on the strength of his or her own title and not the asserted weaknesses of the defendant's title. *See Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *Ballard v. Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.); *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014).

"Texas courts have made it clear that a necessary prerequisite to the recovery of title is tender of whatever amount is owed on the note." *Moore v. Ameriquest Mortg. Co.*, No. 4:16CV380 (E.C.F. No. 74 at 8) (Priest-Johnson, J.), *report and recommendation adopted by*, No. 4:16CV380, 2017 WL 603323, at *5 (E.D. Tex. Feb. 15, 2017) (Mazzant, J.) (pre-foreclosure sale suit to quiet title required tender) (citing *Kingman Holdings, LLC v. CitiMortgage, Inc.*, No. 4:10-CV-619, 2011 WL 1883829, at *4 (E.D. Tex. Apr. 21, 2011) (Mazzant, J.), *report and recommendation adopted*, No. 4:10-CV-619, 2011 WL 1878013 (E.D. Tex. May 17, 2011) (citing *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Lambert v. First National Bank of Bowie*,

993 S.W.2d 833, 835–36 (Tex. App.—Fort Worth 1999, pet. denied); *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.—Houston [1st Dist.] 1982, no writ)). *See also Inge v. Bank of Am., N.A.*, No. 4:17-CV-705-ALM-CAN, 2018 WL 4224918, at *7 (E.D. Tex. July 19, 2018), *report and recommendation adopted*, No. 4:17-CV-705, 2018 WL 4561622 (E.D. Tex. Sept. 24, 2018), *appeal dismissed*, No. 18-41004, 2019 WL 1791428 (5th Cir. Apr. 5, 2019).

Here, Plaintiffs do not allege that they tendered the amounts due and owing under the subject promissory note. As such, their claim for declaratory relief must be dismissed.

### G. Plaintiffs' Claim for Declaratory Relief Fails to State a Claim Upon Which Relief Can be Granted.

Plaintiffs' claim for declaratory relief is fatally defective and does not state any claim upon which relief can be granted against Freedom based on the failure of their claims for breach of contract, negligence, wrongful foreclosure, fraudulent inducement, and promissory estoppel.

### H. Dismissal with Prejudice is Appropriate.

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," FRCP 15(a), a court should deny leave to amend when the amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under FRCP 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (stating "because . . . the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion" allowing plaintiff "to amend the complaint would be futile").

Here, Plaintiffs' claims all fail as a matter of law and leave to amend would be futile because Plaintiffs have already amended their Complaint, to no avail. Alternatively, to the extent that the Court declines to dismiss any of Plaintiffs' claims or allows Plaintiffs leave to amend, Mrs. Freeman's claims against Freedom must otherwise be dismissed with prejudice

### I. Conclusion.

Based upon the foregoing, Freedom respectfully requests that the Court dismiss

Plaintiffs' claims against it, with prejudice, because they fail to state any claim upon which relief can be granted against Freedom.

Date:  April 29, 2020

Respectfully submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

/s/ *Nathan F. Smith*
NATHAN F. SMITH
Texas Bar No. 24094355
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Freedom Mortgage Corporation*

**CERTIFICATE OF SERVICE**

On April 29, 2020, I filed **FREEDOM MORTGAGE CORPORATION'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** with the clerk of court for the U.S. District Court, Eastern District of Texas.  I hereby certify that the following are those who are currently on the list to receive e-mail notices for this case and were served via electronic service as authorized by Federal Rules of Civil Procedure 5(b)(2):

Bruce W. Akerly
bakerly@akerlylaw.com

Bruce William Akerly
bakerly@akerlylaw.com,mgorman@akerlylaw.com,lawclerk@akerlylaw.com

Anne Ashby
aashby@anneashbylaw.com,slawless@anneashbylaw.com

Freedom Mortgage Corporation
nathan@mclaw.org

Christina Freeman
bakerly@akerlylaw.com

Gregory C Freeman
bakerly@akerlylaw.com

Nathan Frederick Jones Smith
nathan@mclaw.org,arsenalofamerica@aol.com


*/s/ Christina Valenzuela*
Christina Valenzuela
An employee of Malcolm ♦ Cisneros, ALC